UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR M. LESTER,

        Plaintiff,                         Hon. Robert Holmes Bell

v.                                       Case No. 1:14-cv-270-RHB-PJG

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

      This is a social security action brought under 42 USC §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits (DIB) and Supplemental Security Income (SSI) benefits. On November 23, 2010, plaintiff filed his application for DIB and SSI benefits, alleging a November 2, 22010, onset of disability. (Page ID 193-202). His claims were denied on initial review. (Page ID 112-22, 123-33). On July 17, 2012, he received a hearing before an administrative law judge (ALJ). (Page ID 55-110). On September 27, 2012, the ALJ issued a decision finding that plaintiff was not disabled. (ALJ Op., Page ID 37-48). On January 16, 2014, the Appeals Council denied review (Page ID 24-29), and the ALJ's decision became the Commissioner's final decision.

      Plaintiff filed a timely complaint seeking judicial review of the Commissioner's decision denying his claims for DIB and SSI benefits. He cites the following two purported errors as bases for overturning the Commissioner's decision: (1) that the

ALJ erred by improperly weighing the medical evidence and by "not acknowledging the opinion of the social worker who had treated plaintiff"; and (2) that the ALJ improperly used the "sit and squirm" test in evaluating plaintiff's impairments. (Plf. Brief at 13, Dkt. 11, Page ID 533). Both of these purported errors relate to one overriding issue: whether there was substantial evidence to support the ALJ's assessment of plaintiff's residual function capacity.

I conducted oral arguments on February 3, 2015. Having reviewed the record, and having considered the parties' written and oral submissions, I recommend that the Commissioner's decision be affirmed.

## **Legal Standard**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007).

The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Ulman v. Commissioner*, 693 F.3d 709, 713 (6th Cir. 2012); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the

[Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Gayheart v. Commissioner*, 710 F.3d 365, 374 (6th Cir. 2013) ("A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would have supported the opposite conclusion."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Kyle v. Commissioner*, 609 F.3d 847, 854-55 (6th Cir. 2010).

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

In applying this standard, the Commissioner has developed a five-step sequential analysis. *Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004). Under the sequential analysis,

> [t]he claimant must first show that [he] is not engaged in substantial gainful activity. Next, the claimant must demonstrate that [he] has a "severe impairment." A finding of "disabled" will be made at the third step if the claimant can then demonstrate that [his] impairment meets the durational requirement and "meets or equals a listed impairment." If the impairment does not meet or equal a listed impairment, the fourth step requires the claimant to prove that [he] is incapable of performing work that [he] has done in the past. Finally, if the claimant's impairment is so severe as to preclude the performance of past work, then other factors, including age, education, past work experience, and residual functional capacity, must be considered to determine if other work can be performed. The burden shifts to the Commissioner at this fifth step to establish the claimant's ability to do other work.

*White v. Commissioner*, 572 F.3d 272, 282 (6th Cir. 2009).

A claimant bears the burden of proving the existence and severity of limitations caused by his impairments and the fact that he is precluded from performing his past work through step four. *Jones v. Commissioner*, 336 F.3d 469, 474 (6th Cir. 2003). At step five of the inquiry, however, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual function capacity (determined at step four) and vocational profile." *Id.*

## The ALJ's Decision

The ALJ found that plaintiff met the insured status requirements of the Social Security Act on November 2, 2010, the alleged disability onset date, through March 31, 2011. (ALJ Op. at 3, Page ID 39). He also found that plaintiff had not engaged in substantial gainful activity since November 2, 2010. (*Id.*). Plaintiff had the following

severe impairments: "degenerative disc disease of the cervical spine with bulges at the C5-6 and C6-7 levels; major depressive disorder; alcohol abuse; and a history of cocaine abuse, in sustained remission." (*Id.*). The ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the listing of impairments. (*Id.* at 4, Page ID 40). He found that plaintiff retained the following residual functional capacity (RFC):

> he can lift and/or carry up to 20 pounds occasionally and 10 pounds frequently; he can sit for up to a total of six hours in an eight-hour workday; he can stand and/or walk up to a total of six hours in an eight-hour workday; he can use the right upper extremity to reach overhead occasionally and to handle/finger items frequently; he can do no work at unprotected heights; he can perform simple, routine job tasks; he can occasionally maintain interaction with co-workers and supervisors.

(*Id.* at 6, Page ID 42).

In defining plaintiff's RFC, the ALJ found that plaintiff's medically-determinable impairments could be expected to cause the symptoms described by plaintiff, but he found plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms not credible. (*Id.* at 7, Page ID 43).

Based on the RFC, the ALJ determined that plaintiff's impairments do not prevent him from performing his past relevant work as a machine operator. (*Id.* at 11, Page ID 47). The vocational expert (VE) testified that there are approximately 48,000 unskilled machine operator positions, within the State of Michigan, at the light level of exertion. (*Id.* at 12, Page ID 48). Accordingly, the ALJ determined that plaintiff has not been disabled within the meaning of the Social Security Act at any time from the alleged disability onset date to the date of his decision. (*Id.*).

**Discussion**

Generally, the medical opinions of treating physicians are given substantial, if not controlling deference. *See Johnson v. Commissioner*, 652 F.3d 646, 651 (6th Cir. 2011). "[T]he opinion of a treating physician does not receive controlling weight merely by virtue of the fact that it is from a treating physician. Rather, it is accorded controlling weight where it is 'well supported by medically acceptable clinical and laboratory diagnostic techniques' and is not 'inconsistent . . . with the other substantial evidence in the case record.'" *Massey v. Commissioner*, 409 F. App'x 917, 921 (6th Cir. 2011) (quoting *Blakley v. Commissioner*, 581 F.3d 399, 406 (6th Cir. 2009)). A treating physician's opinion is not entitled to controlling weight where it is not "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is "inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). The ALJ "is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation." *Buxton*, 246 F.3d at 773. An opinion that is based on the claimant's reporting of h[is] symptoms is not entitled to controlling weight. *See Young v. Secretary of Health & Human Servs.*, 925 F.2d 146, 151 (6th Cir. 1990); *see also Francis v. Commissioner*, 414 F. App'x 802, 804 (6th Cir. 2011) (A physician's statement that merely regurgitates a claimant's self-described symptoms "is not a medical opinion at all.").

Even when a treating source's medical opinion is not given controlling weight, the opinion should not necessarily be completely rejected; the weight to be

given to the opinion is determined by a set of factors, including treatment relationship, supportability, consistency, specialization, and other factors. *See Titles II and XVI: Giving Controlling Weight to Treating Source Medical Opinions*, SSR 96-2p (reprinted at 1996 WL 374188 (SSA July 2, 1996)); 20 C.F.R. §§ 404.1527(c), 416.927(c); *Martin v. Commissioner*, 170 F. App'x 369, 372 (6th Cir. 2006). While the ALJ must consider these factors, he is not required to discuss each of them. *See Francis v. Commissioner*, 414 F. App'x 802, 804 (6th Cir. 2011); *Mayfield v. Commissioner*, No. 1:12-cv-912, 2014 WL 1341923, at * 1 (W.D. Mich. Mar. 31, 2014) (collecting cases); *see also Hernandez v. Colvin*, 567 F. App'x 576, 584 (10th Cir. May 28, 2014) (citing *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007)).

The Sixth Circuit has held that claimants are "entitled to receive good reasons for the weight accorded their treating sources independent of their substantive right to receive disability benefits." *Smith v. Commissioner*, 482 F.3d 873, 875-76 (6th Cir. 2007); *see Cole v. Astrue*, 661 F.3d 931, 937-38 (6th Cir. 2011); *Wilson v. Commissioner*, 378 F.3d 541, 544 (6th Cir. 2004). "[T]he procedural requirement exists, in part, for claimants to understand why the administrative bureaucracy deems them not disabled when physicians are telling them that they are." *Smith*, 482 F.3d at 876; *see Gayheart*, 710 F.3d at 376.

In support of his contention that the ALJ improperly weighed the medical evidence, plaintiff argues first that the ALJ gave too much weight to the opinions of the non-examining State agency medical experts: Joe DeLoach, Ph.D., and Donald

Aiken, M.D. (Pltf. Brief at 13-14, Page ID 533-34).[1] On February 2, 2011, Dr. DeLoach provided a mental RFC assessment, in which he opined that plaintiff could perform simple and repetitive tasks on a sustained basis. (Page ID 130-31). On February 11, 2011, Doctor Aiken provided a physical RFC assessment, in which he opined that plaintiff could perform a reduced range of medium work. (Page ID 128-30).

Plaintiff contends that the ALJ erred in considering these opinions, as they were not informed by later-submitted evidence regarding plaintiff's impairments. (Pltf. Brief at 14, Page ID 534). Plaintiff correctly notes that neither of these State agency consultants reviewed records relating to his treating orthopedic surgeon, his primary care clinic, or the report of Dr. Stephen Montes, all of which were generated after the consultants rendered their opinions. (*Id.*). But plaintiff has failed to demonstrate that the opinions of either Dr. DeLoach or Dr. Aiken, to the extent they were relied upon by the ALJ, were substantially undermined by anything in these records.

Moreover, plaintiff's argument fails to account for the fact that the ALJ considered the entire record in assessing the value of the respective opinions. The ALJ noted that he afforded Dr. DeLoach's opinion "significant weight" because it *was* consistent with the record as a whole, including the findings cited within the

---

[1] Plaintiff mistakenly states that the ALJ gave these opinions "great weight" (Pltf. Brief at 13, Page ID 533); instead, the ALJ gave Dr. DeLoach's opinion "significant weight," and he gave Dr. Aiken's opinion "partial weight." (ALJ Op. at 10, Page ID 46).

report of the State agency consulting psychologist, David Cashbaugh (with the exception of his GAF score), the records from plaintiff's counselors at Muskegon Family Care, and plaintiff's own accounts of his daily activities. (ALJ Op. at 10, Page ID 46). With respect to Dr. Aiken's opinion, the ALJ noted that he afforded it only "partial weight" due to the fact that the evidence received after Dr. Aiken's assessment showed "that [plaintiff] is more functionally limited physically than indicated by [Dr. Aiken's] assessment. (*Id.*). The extent of the ALJ's reliance of these opinions comports with the law. *See Carter v. Astrue*, 886 F. Supp.2d 1093, 1112 (N.D. Iowa 2012) (ALJ did not err in assigning significant weight to consultants' opinions, despite the fact they had not reviewed all the record evidence, "because those opinions were not the sole basis for [the] RFC determination and [the ALJ's] independent review of the evidence revealed that the assessments were further substantiated by subsequent treatment notes . . . and the record as a whole.").

Plaintiff next challenges the fact that the ALJ afforded only "partial weight" to the opinion of David Cashbaugh, Jr. (ALJ Op. at 10-11, Page ID 46-47), a consulting licensed psychologist who conducted a mental assessment examination of plaintiff in January 2011 (Page ID 344-49). Mr. Cashbaugh assigned plaintiff a global assessment of functioning (GAF) score of 50, noting that he "appears to have significant depression problems and would likely struggle in a work setting with

concentration and focus and interpersonal relations." (Page ID 349).[2] The ALJ discounted Mr. Cashbaugh's opinion because it was inconsistent with plaintiff's own statements regarding the seriousness of his mental impairments; it was inconsistent with the findings within Mr. Cashbaugh's report; and it was inconsistent with the findings from plaintiff's primary care clinic. (ALJ Op. at 10-11, Page ID 46-47 (referring to Page ID 309-27; Page ID 375-438)).

Plaintiff's analysis of this issue is limited to a single clause: "an assignment of partial weight for an allegedly inconsistent report [is] a seemingly inconsistent judgment by itself." (Pltf. Brief at 14, Page ID 534). This statement is wholly unsupported by citation to the record or to any legal authority. (*See id.*). "'Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'" *United States v. Stewart*, 628 F.3d 246, 256 (6th Cir. 2010) (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997)); *see also McPherson*, 125 F.3d at 995-96 ("It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." (quoted citation omitted)). Moreover, a review of the record cited by the ALJ

---

[2]GAF scores are not entitled to any particular weight. *See Kornecky v. Commissioner*, 167 F. App'x 496, 511 (6th Cir. 2006) ("[W]e are not aware of any statutory, regulatory, or other authority requiring the ALJ to put stock in a GAF score[.]"); *see also Jordan v. Commissioner*, No. 10-11833, 2011 WL 891198, *5 (E.D. Mich. Jan. 14, 2011) (GAF scores are "subjective opinions, representing a snapshot of a person's level of functioning at a given moment in time, not a rating of their ability to work."). GAF scores have been removed from the most recent edition of the DIAGNOSTIC & STATISTICAL MANUAL OF MENTAL DISORDERS (DSM-V).

provides substantial evidence for the ALJ's conclusions regarding Mr. Cashbaugh's opinion.

Plaintiff's third argument regarding the weight given the respective medical evidence is that the ALJ improperly discounted the opinion of a social worker, Joan Bouwma, who treated him at his primary care clinic. (Pltf. Brief at 14-15, Page ID 534-35). The treating physician rule does not apply to any opinion that Ms. Bouwma expressed. Social workers are not "acceptable medical sources." *See* 20 C.F.R. §§ 404.1513(a), (d)(1), 416.913(a), (d)(1). There is no "treating social worker" rule. The opinion of a social worker is not entitled to any particular weight. Only "acceptable medical sources" can: (1) provide evidence establishing the existence of a medically determinable impairment; (2) provide a medical opinion; and (3) be considered a treating source whose medical opinion could be entitled to controlling weight under the treating physician rule. *See* SSR 06-03p (reprinted at 2006 WL 2329939, at *2 (SSA Aug. 9, 2006)); *see also Bliss v. Commissioner*, 406 F. App'x 541, 541 (2d Cir. 2011) ("[T]he assessment by the social worker is ineligible to receive controlling weight because social workers do not qualify as 'acceptable medical sources.'"). The opinions of social workers fall within the category of information provided by "other sources." *See* 20 C.F.R. §§ 404.1513(d), 416.913(d). The social security regulations require only that information from "other sources" be "considered." 2006 WL 2329939, at *1, 4 (citing 20 C.F.R. §§ 404.1513, 416.913); *Cole v, Astrue*, 661 F.3d 931, 939 (6th Cir. 2011); *Cruse v. Commissioner*, 502 F.3d 532, 541 (6th Cir. 2007). This is not a demanding standard, and it was easily met

here, particularly given that plaintiff has cited to nothing in the record indicating that Ms. Bouwma offered any opinion regarding plaintiff's functional limitations.

Plaintiff's reliance on the *Cole* decision is misplaced. In *Cole*, the Sixth Circuit noted that the ALJ in that case both failed to mention a treating counselor and failed to give any reasons for not crediting her opinions. 661 F.3d at 939. The court held that the treating counselor was to be treated as an "other source," whose opinions should be considered pursuant to the regulations found at 20 C.F.R. §404.1513(d)(1). *Id.* This holding is consistent with the discussion of this issue, above.

Plaintiff's next complaint is that the ALJ "rejected" the opinions of Stephen Montes, D.O., (Pltf. Brief at 15, Page ID 535), to whom plaintiff's counsel referred plaintiff for examination. (Page ID 481). After a single examination, Dr. Montes opined that plaintiff's physical limitations were sufficiently severe that he was "incapable of any gainful employment, not even sedentary type of employment on an 8 hour day, 5 days a week, 50 week per year basis." (Page ID 486).

The ALJ did not reject this opinion, but instead, gave it "little weight." (ALJ Op. at 11, Page ID 47). In doing so, the ALJ articulated a number of reasons:

> The undersigned has accorded little weight to the opinion offered in May 2012 from Dr. Montes regarding the claimant's physical limitations as such is inconsistent with the other evidence of record from treating and examining medical sources (Exhibit 14f). In this regard, the undersigned notes that the alarming interpretation Dr. Montes gives the MRI scan of the claimant's cervical spine from January 2011 differs greatly from the description of this scan offered by treating physician Y. Hamati, M.D. (Exhibit 10f/p.2) as well as that

> offered by D. Hountras, M.D., which essentially echoed Dr. Hamati's interpretation (Exhibit 10f/pp6, 5).
>
> The undersigned also notes that while Dr. Montes concluded in his examination report that the claimant has carpal tunnel syndrome bilaterally (Exhibit 15f), there is no mention of such a diagnosis having been assessed or even suspected within the treatment records from his treating physicians --- Dr. Hamati specifically noted that the claimant's neurological exam in October 2011 was within normal limits (Exhibit 10f/p.2). No neurological testing of the claimant has been conducted to confirm a diagnosis of carpal tunnel syndrome. The claimant's physical examination by Dr. Sheill in January 2011 also yielded minimal findings with respect to his right upper extremity (Exhibit 5f/p6). While the undersigned has considered the opinions offered by Dr. Montes, which includes an issue reserved to the Commissioner (Exhibits 14f and 15f/p.8), little weight has been accorded.

(ALJ Op. at 11, Page ID 47).[3]

Plaintiff does not challenge any of these findings; instead, he simply notes that Dr. Montes' "is the most thorough report in the entire Record." (Pltf. Brief at 15, Page ID 535). Dr. Montes is not a treating physician, but rather, a consultative examiner. As such, the ALJ was not "under any special obligation to defer to [his] opinion or to explain why he elected not to defer to it." *Karger v. Commissioner*, 414 F. App'x 739, 744 (6th Cir. 2011). Nevertheless, the ALJ carefully considered Dr. Montes opinion, and he explained his reasons for discounting it. A review of the

---

[3]The issue of whether the claimant is disabled within the meaning of the Social Security Act is reserved to the Commissioner. 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004). A treating physician's opinion that a patient is disabled is not entitled to any special significance. *See* 20 C.F.R. §§ 404.1527(d)(1), (3), 416.927(d)(1), (3); *Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007); *Sims v. Commissioner*, 406 F. App'x 977, 980 n.1 (6th Cir. 2011).

relevant portions of the record reveals that the ALJ's stated reasons are well-founded.  There is more than substantial evidence to support the ALJ's findings in this regard.  (*See, e.g.,* Page ID 342, 440, 443-44).

Plaintiff's contention that the ALJ "rejected" Dr. Montes' opinion because his attorney arranged for the examination (Pltf. Brief at 15, Page ID 535) is unfounded.  Certainly, there is "nothing fundamentally wrong with a lawyer sending a client to a doctor," *Blankenship v. Bowen*, 874 F.2d 1116, 1122 n.8 (6th Cir. 1989), and a consultative examination should not be rejected "solely" on that basis. *Creighton v. Commissioner*, No. 1:12-cv-1127, 2014 WL 1805366, *10 (W.D. Mich. May 7, 2014) (citing cases).  But nothing in the ALJ's opinion suggests that he considered anything other than what is cited in the above-quoted analysis.

Plaintiff's final argument, that the ALJ impermissibly applied the "sit and squirm" test (Pltf. Brief at 15, Page ID 535), is without merit.  The ALJ's opinion contains a lengthy discussion of plaintiff's subjective complaints.  (*See* ALJ Op. at 7-10, Page ID 43-46).  The ALJ considered the record medical evidence in making his determination that "[plaintiff's] statements concerning the intensity, persistence, and limiting effects of these symptoms are not credible to the extent alleged." (*Id.* at 7, Page ID 43).

The ALJ is permitted to consider the credibility of a claimant's subjective complaints. *See Jones v. Commissioner*, 336 F.3d 469, 475-76 (6th Cir. 2003). "The ALJ's credibility determinations – when supported by substantial evidence – are entitled to 'great weight.'" *Steagall v. Commissioner*, No. 14-3370, 2015 WL 64654,

\*3 (6th Cir. Jan. 6, 2015) (quoting *Cruse*, 502 F.3d at 542). While an ALJ may not deny a claim "solely" on his observations of the claimant at the hearing, *Martin v. HHS*, 735 F.2d 1008, 1010 (6th Cir. 1984), it is equally well-established that an ALJ "may distrust a claimant's allegations of disabling symptomology if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict each other." *Moon v. Sullivan*, 923 F.2d 1175, 1183 (6th Cir. 1990); *see Lucido v. Commissioner*, 109 F. App'x 715, 716-17 (6th Cir. 2004).

In this case, it is evident that the ALJ considered all the record evidence, in addition to plaintiff's demeanor at the hearing, in making his credibility determination. The ALJ's comment regarding plaintiff's hearing demeanor was made within the context of his assessment of the credibility of plaintiff's testimony:

> The undersigned notes that the claimant was an unconvincing historian when discussing his work history at his administrative hearing, exhibiting a very selective memory. He also displayed a rather circuitous unresponsive way of answering questions, and appeared to sit comfortably throughout the hearing with no displays of pain behavior. In addition, he opened a heavy door when exiting the hearing room using only his right arm and was not observed by the undersigned to experience any difficulty doing so.

(ALJ Op. at 23, Page ID 46). Given that there is substantial evidence to support the ALJ's credibility determinations in this case, there is no basis to disturb his decision.

In sum, there is substantial evidence to support the ALJ's assessment of plaintiff's RFC. Plaintiff has failed to meet his burden of proving the existence and severity of limitations caused by his impairments as would preclude him from

performing his past work.  *See Jones*, 336 F.3d at 474.  Accordingly, the ALJ's decision to deny disability benefits to plaintiff should be upheld.

## Conclusion

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.

Respectfully submitted,

Date:  February 6, 2015  /s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).